**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
JOSE L. LINARES
CHIEF JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
Newark, NJ 07102
(973) 645-6042

**NOT FOR PUBLICATION**

**LETTER ORDER**

Via Electronic Filing

January 16, 2019

Re: United States v. Wallace S. Winstead
Crim. No. 15-619

To All Parties:

On November 5, 2008, Defendant Wallace S. Winstead pleaded guilty to using and carrying a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2. (*See* ECF No. 3-4; *see also* Docket Sheet, W.D. Pa. Crim. No. 08-197).[1] Defendant was sentenced to a term of imprisonment and a five-year term of supervised release, the latter of which commenced on November 20, 2015 and is set to expire on November 19, 2020. (*See* ECF No. 1 (showing term of supervised release); ECF No. 3-2 (showing the judgment entered)). On December 28, 2018, Defendant, who is *pro se*, petitioned this Court for the early termination of his five-year term of supervised release ("Defendant's petition"). (ECF No. 4). The Government submitted opposition. (ECF No. 6). For the reasons stated herein, the Court hereby denies Defendant's petition.

---

[1] Though Defendant entered a plea of guilty and was sentenced in the Western District of Pennsylvania, his supervision was transferred to the District of New Jersey on December 10, 2015. (*See* ECF No. 1 (showing same))

Pursuant to 18 U.S.C. § 3583(e)(1), after the defendant has completed a one-year term of supervised release and the Court has considered the surrounding factors articulated in 18 U.S.C. 3553(a), the Court may "terminate a term of supervised release and discharge the defendant . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Several courts in the Third Circuit have found that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." *United States v. Laine*, 404 F. App'x 571, 573–574 (3d Cir. 2010) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *see also United States v. Kay*, 283 F. App'x 944, 946 (3d Cir. 2008) (acknowledging that the district courts in the Third Circuit use *Lussier* and an extraordinary-circumstances standard "as a guide to the exercise of discretion.").

In this case, Defendant claims that he is entitled to the early termination of his supervised release because: (1) he has been in full compliance with the terms of his supervised release for the past three years; (2) he has remained gainfully employed throughout his term of supervised release, currently serving as an information technology consultant at Rutgers University; (3) he has a personal residence; and (4) he is remorseful for his past crimes and promises to "continue to be a law abiding citizen." (ECF No. 4 at 1–2). Additionally, Defendant points to the fact that he has obtained his associate degree from Essex County Community College and is currently pursuing a bachelor's degree in political science at Rutgers University. (*Id.* at 1). Defendant claims that he maintains a 3.60 grade point average at school while continuing to fulfill his employment and supervised release obligations. (*Id.* at 1). According to Defendant, the early termination of his supervised release would allow him to, among other things, pursue academic grants and scholarships. (*Id.* at 2).

While the Court commends Defendant on his accomplishments, it does not find that the early termination of Defendant's supervised release is appropriate. As the Government correctly points out, (ECF No. 6 at 3), Defendant is required and expected to adhere to the terms of his supervised release, and therefore, his law-abiding conduct does not rise to the level of an extraordinary circumstance. *See United States v. Caruso,* 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination."); *United States v. Paterno,* Crim. No. 99-037, 2002 WL 1065682, at *2 (D.N.J. Apr. 30, 2002) ("[C]ompliance with the terms of supervised release and with the law alone are not enough to warrant early termination."). Furthermore, upon reviewing this case as a whole and Defendant's history of violence, which includes three convictions connected to armed robberies, the Court determines that the early termination of Defendant's supervised release would not serve the interest of justice. Therefore, Defendant shall continue to serve his term of supervised release, which appears to be effective in Defendant's rehabilitation as indicated by his personal, professional, and academic successes. Accordingly, Defendant's petition, (ECF No. 4), is hereby DENIED.

**SO ORDERED.**

JOSE L. LINARES
Chief Judge, United States District Court